## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOE RICHARDSON                                                                                        PETITIONER
ADC #140471

VS.                              CASE NO.: 5:10CV00110 BSM/BD

RAY HOBBS, Interim Director,                                                          RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II. Introduction:

Joe Richardson, an inmate in the Arkansas Department of Correction, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) challenging his conviction and sentence in the Circuit Court of Saline County, Arkansas. Respondent has responded (#6). Petitioner has not replied. For the following reasons, the Court recommends that the District Court DISMISS the petition with prejudice.

## III. Background:

On November 16, 2007, a Saline County Circuit Court jury found Petitioner guilty of rape. He is currently serving a thirty-year prison sentence as a result of the conviction (#6-1).

On December 12, 2007, Petitioner appealed his sentence and conviction to the Arkansas Court of Appeals (#6-2). The Arkansas Court of Appeals affirmed Petitioner's conviction and sentence on November 19, 2008, and the mandate issued on December 9, 2008 (#6-3). Petitioner did not seek discretionary review from the Supreme Court of Arkansas.

On August 10, 2009, he filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (#6-4). On January 8, 2010, the Saline County Circuit Court dismissed the Rule 37 petition as untimely (#6-5). Petitioner did not appeal this dismissal.

Petitioner filed the immediate federal petition on April 20, 2010 (#2). In response to the petition, Respondent contends that Petitioner's claims are time-barred (#6).

## IV.     Discussion:

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state prisoner may commence a federal habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, a Saline County Circuit Court jury convicted Petitioner on November 16, 2007. He appealed his conviction to the Arkansas Court of Appeals, which affirmed on November 19, 2008. Because Petitioner did not seek discretionary review from the Arkansas Supreme Court, his judgment became final when the Arkansas Court of Appeals issued its mandate on December 9, 2008. At this point, the limitation period began to run. See *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (in the absence of a request for review by the state supreme court, statute of limitations begins to run when state court of appeals issues its mandate).

Petitioner did not file this habeas petition until April 20, 2010. Accordingly, Petitioner's claims are barred by the one-year statute of limitations unless the statute of limitations can be tolled.

A.   *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A properly filed Rule 37 post-conviction petition triggers 28 U.S.C. § 2244(d)(2)'s tolling provision. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006). The limitation period remains tolled while the petition is pending. The post-conviction petition is deemed "pending" from the date of filing until "final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 2138 (2002).

In this case, Petitioner's conviction was final on December 9, 2008. The limitations period ran from December 9, 2008, until at least August 10, 2009, when Petitioner filed his Rule 37 petition for post-conviction relief in the Saline County Circuit Court. See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). It appears, however, that Petitioner's Rule 37 post-conviction petition did not effectively toll the statute of limitations.

Only a "properly filed" post-conviction petition tolls the limitations period. To qualify as a "properly filed," a post-conviction petition must comply with the applicable laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364

(2000). Petitioner's Rule 37 post-conviction petition was not "properly filed," because it was untimely. *Id*. (the "applicable laws and rules governing filings" include the time limits for filing).

The Saline County Circuit Court denied Petitioner's untimely Rule 37 post-conviction petition on January 10, 2010 (#6-5). The Court found that Petitioner filed his Rule 37 post-conviction petition 245 days after the appellate mandate issued, well outside the sixty-day period for filing Rule 37 petitions (#6-5). When a state court determines the filing was untimely, that is the "end of the matter." *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134 (2002)).

Petitioner concedes that his Rule 37 post-conviction petition was untimely. In the federal petition, he explains that he did not appeal the dismissal of his Rule 37 post-conviction petition because an appeal was "procedurally barred based upon an excessive delay of time." (#2, p. 5) Thus, the claims are barred unless saved by equitable tolling.

 B. *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). A petitioner who invokes equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).  The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling.  See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

In this case, Petitioner is not entitled to equitable tolling.  He alleges that his petition was untimely because he could not obtain records from his attorney or the clerk of court (#2, p. 14-15).  Lack of access to trial records, however, cannot form the basis for equitable tolling.  See *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001).

Petitioner's filings do not evidence diligence in obtaining records or pursuing his rights.  He has also failed to provide evidence of an extraordinary circumstance sufficient for this Court to toll the statute of limitations.  Accordingly, Petitioner is not entitled to equitable tolling and his federal petition is time-barred.

V.   **Conclusion**:

Petitioner's federal petition is time-barred.  Accordingly, this Court recommends that the District Court DENY and DISMISS Joe Richardson's Petition for Writ of Habeas Corpus (#2), with prejudice.

DATED this 2nd day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE